UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | Case No. 09-CV-2585 (PJS/AJB) |
| Plaintiffs/Counterclaim Defendants, | |
| v. | ORDER |
| CORDIS CORPORATION, CORDIS LLC, and WYETH, | |
| Defendants/Counterclaim Plaintiffs. | |

---

J. Derek Vandenburgh, CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A.; Edward Han and Matthew M. Wolf, HOWREY LLP, for plaintiffs/counterclaim defendants.

Courtland C. Merrill, ANTHONY OSTLUND BAER & LOUWAGIE P.A.; David T. Pritikin, William H. Baumgartner, Jr., and Russell E. Cass, SIDLEY AUSTIN LLP, for defendants/counterclaim plaintiffs.

This matter is before the Court on defendants' motion to dismiss or, in the alternative, to transfer. Although oral argument on defendants' motion is scheduled for Friday, January 22, 2010, the Court finds, after reviewing the papers, that oral argument is unnecessary because the papers are clear and the issues are not fairly debatable. The Court grants defendants' motion in part and transfers the case under 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey.

Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively "Boston Scientific") and defendants Cordis Corporation, Cordis LLC, and Wyeth raced each

other to the courthouse. Defendants won the race by filing an infringement suit against Boston Scientific in the United States District Court for the District of New Jersey in the wee hours of the morning on September 22, 2009. Boston Scientific filed this declaratory-judgment suit later the same day.

That said, the Court's decision to transfer this case to the District of New Jersey does not turn on the fact that defendants won the race to the courthouse. Instead, the Court transfers this case because the interests of justice and the so-called "convenience factors" overwhelmingly weigh in favor of allowing the parties to litigate their dispute in the District of New Jersey, where multiple related lawsuits are pending. Under *Micron Tech., Inc. v. MOSAID Tech., Inc.*, when there is a competing offensive action for patent infringement and defensive action for a declaratory judgment of patent noninfringement or invalidity — as is true here — a district court's decision whether to dismiss the declaratory-judgment action must "take[] account of the convenience factors under 28 U.S.C. § 1404(a)." 518 F.3d 897, 904 (Fed. Cir. 2008). Because the Court's analysis of whether to exercise declaratory-judgment jurisdiction under 28 U.S.C. § 2201(a) is identical to the Court's analysis of whether to transfer the case under § 1404(a), the Court finds that it is more efficient to address only defendants' motion to transfer under § 1404(a).

Under § 1404(a), a court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Specifically, "[t]he convenience and availability of witnesses, absence of jurisdiction over all necessary or desirable parties, possibility of consolidation with related litigation, or considerations relating to the interest of justice must be evaluated to ensure

the case receives attention in the most appropriate forum." *Micron Tech.*, 518 F.3d at 905. The convenience of the parties and witnesses, considerations of judicial efficiency, and the interests of justice all weigh in favor of transfer.

Boston Scientific does not dispute that multiple patent-infringement lawsuits involving devices identical (or at least very similar) to the device at issue in this case are ongoing in the District of New Jersey. Boston Scientific does not dispute that the manufacturer of the accused infringing device, Abbott Laboratories, is a defendant — along with Boston Scientific — in a pending New Jersey lawsuit that was filed by Cordis Corporation, Cordis LLC, and Wyeth on the same day that this suit was filed. Boston Scientific does not dispute that various witnesses with relevant knowledge live in or near New Jersey.

Instead, Boston Scientific argues that this Court is a more convenient forum than New Jersey because Boston Scientific's cardiovascular division is located in Minnesota, because Abbot Laboratories is headquartered in Chicago, and because one of Abbott's divisions is in California. Pl. Mem. Opp. Def. Mot. Dism. at 8 [Docket No. 23]. But Boston Scientific does not even attempt to identify particular witnesses who are located in Minnesota, and the argument that a huge company like Abbott Laboratories — which is not even a party to this action — would find it substantially more convenient to litigate in Minnesota than in New Jersey borders on frivolous.

The United States District Court for the District of New Jersey is a manifestly superior forum for this dispute. The case will be transferred.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss or, in the alternative, to transfer [Docket No. 16] is GRANTED IN PART and DENIED IN PART as follows:

    a. To the extent that defendants seek an order transferring this case to the United States District Court for the District of New Jersey, defendants' motion is GRANTED.

    b. Defendants' motion is DENIED WITHOUT PREJUDICE in all other respects.

2. This case is hereby TRANSFERRED to the United States District Court for the District of New Jersey. The Clerk of Court is directed to effect the transfer.

Dated: January 19, 2010                     s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge